IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CHANTEL REID and
MARIUS ST. GERARD,

    *Plaintiffs*,

                        Case No.

v.

INBOUND CALL EXPERTS, LLC    CLASS REPRESENTATION
d/b/a Advanced Tech Support;       COLLECTIVE ACTION REPRESENTATION
ADVANCED TECH SUPPORTCO, LLC;
PC VITALWARE, LLC; SUPER PC
SUPPORT, LLC; ROBERT D.
DEIGNAN, individually; PAUL
HERDSMAN, individually; and JUSTIN
M. WRIGHT, individually;
    *Defendants.*

_____

**COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FLSA and**

**CLASS ACTION COMPLAINT FOR VIOLATION OF FLORIDA STATUTE 448.07(3)**

_____

Plaintiffs, CHANTEL REID and MARIUS ST. GERARD, individually and on behalf of all others similarly situated who consent to their inclusion in this collective action, sue the above captioned Defendants, INBOUND CALL EXPERTS, LLC, d/b/a Advanced Tech Support; ADVANCED TECH SUPPORTCO, LLC; PC VITALWARE, LLC; SUPER PC SUPPORT, LLC; ROBERT D. DEIGNAN; PAUL HERDSMAN; and JUSTIN M. WRIGHT, for violations of the Fair Labor Standards Act and Florida Statute 448.07. Defendants also failed to include Plaintiff's commissions in their regular rate of pay

when calculating overtime.  Defendants also failed to pay employees their final two paychecks.

## INTRODUCTION

1. Plaintiffs allege on behalf of themselves and other current and former sales technicians who elect to opt in to this action pursuant to 29 U.S.C. 216(b) that they are entitled to unpaid overtime wages due to the improper calculation of employees' regular rate of pay.  Defendants failed to include commissions when calculating the regular rate leading to a deflated overtime rate.

2. Plaintiffs also allege, pursuant to Florida Rule of Civil Procedure 1.220, on behalf of themselves and a class of other similarly situated current and former employees of Defendants in the state of Florida that they are entitled to unpaid wages under Florida Statute 448.07(3) for their unpaid final two paychecks.

3. Plaintiffs, and those similarly situated are entitled to their unpaid overtime plus an equal amount in liquidated damages, unpaid wages, and reasonable attorneys' fees and costs.

## PARTIES

4. Plaintiff, Chantel Reid, resides in Broward County, Florida.  She began working for Defendants in July 2014 as a sales technician.  She continues to be employed by Defendants.  At all times relevant to this Complaint, she was employed within the meaning of the Fair Labor Standards Act and Florida Statutes 448.07(1).

5. Plaintiff, Marius St. Gerard, resides in Broward County, Florida.  He began working for Defendants in 2013 as a sales techinican.  He continues to be employed by

Defendants. At all times relevant to this complaint, he was employed within the meaning of the Fair Labor Standards Act and Florida Statutes 448.07(1).

6. Defendant, Inbound Call Experts, LLC d/b/a Advanced Tech Support ("ICE") is a Florida Limited Liability Company with its principal place of business at 4800 TRex Avenue, suite 350, Boca Raton, FL. Its registered agent is fellow Defendant, Robert Deignan, who is located at 700 Banyan Trail, Suite 200 in Boca Raton, FL 33431.

7. Defendant, Advanced Tech Supportco, LLC ("ATS") is a Florida limited liability company with its principal place of business at 700 Banyan Trail, Suite 200, Boca Raton, Florida. Its registered agent is fellow Defendant, Robert Deignan, who is located at 700 Banyan Trail, Suite 200 in Boca Raton, FL 33431.

8. Defendant, PC Vitalware, LLC ("PC Vitalware"), is a Florida limited liability company with its principal place of business at 700 Banyan Trail, Suite 200, Boca Raton, Florida. Its registered agent is fellow Defendant, Robert Deignan, who is located at 2631 NE 53rd Street, Lighthouse Point, FL.

9. Defendant, Super PC Support, LLC ("Super PC Support), is a Florida limited liability company with its principal place of business at 4800 TRex Avenue, Suite 350, Boca Raton, Florida. Its registered agent is fellow Defendant Robert Deignan who can be located at 4800 TRex Avenue, Suite 350, Boca Raton, Florida 33431.

10. Defendant, Robert D. Deignan,is the CEO of ICE and SuperPC Support, and the Manager of ATS and PC Vitalware. Defendant is an employer within the definitions of the FLSA and Florida Statute 448.07. He can be located for service at 700 Banyan Trail, Suite 200 in Boca Raton, FL 33431.

11. Defendant, Paul M. Herdsman, is the Chief Operating Oficer of ICE and SuperPC Support and a manager of PC Vitalware. Defendant is an employer within the definitions of the FLSA and Florida Statute 448.07.  He can be located for service at 688 Edgewater Drive, Deerfield Beach, FL 33442.

12. Defendant, Justin M. Wright, is the President of ICE and SuperPC Support and is a manager of PC Vitalware.  Defendant is an employer within the definitions of the FLSA and Florida Statute 448.07.  He can be located for service at 4214 Renaissance Way, Boynton Beach, FL 33426.

13. Defendants have acted collectively and jointly as the employers of Plaintiffs and those similarly situated.

14. Defendants operate a call center that employs Plaintiffs.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action raises a federal question under the Fair Labor Standards Act.

16. This Court has jurisdiction over the State Law claim pursuant to 28 USC §1367 since it is so related to the FLSA claim that it forms part of the same case or controversy

17. This Court has personal jurisdiction over Defendants because they are Florida business that transact business in this District.  They are also headquartered in this District.  Furthermore, the events giving rise to this litigation occurred in this District.

18. Venue is appropriate in this Court under 28 U.S.C. § 1391(b) because Defendants transact business in this District and because the acts forming the basis of this Complaint occurred in this District.

## **FACTUAL ALLEGATIONS**

A.   <u>Coverage under the Fair Labor Standards Act.</u>

19. The Fair Labor Standards Act defines "employer" as a "person" who acts directly or indirectly in the interest of an employer in relation to an employee.[1]

20. Courts have long afforded an expansive interpretation to the term "employer" in order to effectuate the broad remedial purposes of the Fair Labor Standards Act.[2]

21. Defendants were Plaintiffs' "employers" under the Fair Labor Standards Act because they paid them an hourly wage to work for Defendants as sales technicians. Moreover, they controlled the terms and conditions of their employment by disbursing wages, setting work schedules, supervising conduct, reserving the right to terminate employment, and otherwise managing all conditions of employment.

22. Defendants employed more than two employees and generated more than $500,000 in gross revenue in each of the three years preceding the filing of this action.

23. As such, Defendants are subject to enterprise coverage under the Fair Labor Standards Act and are therefore bound by its terms.

24. Additionally, Plaintiffs are entitled to individual coverage under the FLSA as they regularly used the channels and instrumentalities of commerce in their work.

25. The Fair Labor Standards Act extends protections to employees who are not exempt from coverage.

---

[1] 29 U.S.C. § 203(d).

[2] *See, e.g., Boucher v. Shaw*, 572 F.3d 1087, 1090 (9th Cir. 2009).

26. Whether an employee is exempt or non-exempt does not depend on an employer's characterization of her job, or even what her job title is.  It is well established that what is dispositive is an employee's day-to-day work responsibilities.[3]

27. Employees are *presumed* to be non-exempt, and therefore entitled to overtime pay at a rate of time and one-half their regular hourly rate for hours worked in excess of forty hours per week.

28. Plaintiffs worked as Defendants' employees within the meaning of the Fair Labor Standards Act.[4]

29. There is no applicable exemption to the Fair Labor Standards Act because Plaintiff was an hourly employee being paid overtime, albeit incorrectly.  As such, Plaintiff is entitled to the Act's protections.

30. To the extent that an exemption is asserted, the burden rests with Defendants to "establish through clear and affirmative evidence that the employee meets every requirement."[5]

B.      Coverage under Florida Statute 448.07(3)

31. Florida Statute 448.07(1) defines an employer as any person who employs two or more employees.

32. Unpaid wages   means the difference between the wages actually paid to an employee and the wages required to be paid to the employee including all compensation for services performed.

---

[3] *See, e.g., Ale v. Tennessee Valley Auth.*, 269 F.3d 680, 688-89 (6th Cir. 2001).

[4] *See* 29 U.S.C. § 203(d).

[5] *See Ale*, 269 F.3d at 691 n.4.

33. Plaintiff are employees as they are individuals employed by an employer under the definitions of Florida Statute 448.07(1).

C.     Defendants have violated the Fair Labor Standards Act and Florida Statute 448.07

34. Plaintiffs and those similarly situated work in a call center.  They answer calls and sell computer virus software.

35. Plaintiffs are paid at a rate of $8 per hour plus commission.

36. Plaintiffs are regularly made to work more than 40 hours in a workweek.  For these hours they are paid $12 per hour.

37. An overtime rate is calculated by taking the regular rate of pay of an employee and multiplying it by 1.5.  The regular rate is calculated by taking the total compensation for the workweek and dividing it by the total hours worked.

38. Total compensation includes commissions.   Therefore commissions must be included in the regular rate of pay. 29 CFR 778.117.

39. Defendants failed to include commission payments when calculating the regular rate of pay.

40. By failing to consider commission payments in the regular rate, Defendants failed to pay Plaintiffs at the proper overtime rate for hours worked over 40 in a workweek.

41. Defendants have a pattern and practice of failing to compensate employees using the proper calculation of regular rate in deterring their overtime rate.  Indeed, this practice occurred throughout Plaintiffs' employments with Defendants.

42. Defendants were aware of the provisions of the Fair Labor Standards Act governing overtime pay.  Accordingly, they were aware of their obligation to properly determine the regular rate of pay.

43. Defendants failed to consult an attorney to see if their overtime pay practices were consistent with the law.

44. Defendants failed to consult the department of labor to see if their overtime pay practices were consistent with the law.

45. Defendants failure to pay employees at the correct rate as determined by law was willful and intentional.

46. Defendants failed to make a good faith effort to comply with the Fair Labor Standards Act's overtime provisions.

47. In willfully and intentionally refusing to pay Plaintiff at a rate of time and one-half for overtime work, Defendants violated the Fair Labor Standards Act.

48. The foregoing conduct constitutes willful violation of the Fair Labor Standards Act.

49. Accordingly, Plaintiff is entitled to recover liquidated damages, in an amount equivalent to the amount of her owed overtime wages, under the Fair Labor Standards Act.[6]

50. Additionally, Defendants failed to compensate Plaintiffs for all of their hours worked. Specifically, Plaintiffs have not been compensated for two pay periods, October 16-31 and November 1-14.  The check for the October pay period is a monthly commission check.

51. Plaintiffs performed worked and gained commissions for these pay periods.

---

[6] *See* 29 U.S.C. § 216(b).

52. Despite working, Plaintiffs were not paid any compensation for these periods.

53. Plaintiffs hours worked are ascertainable. All employees clock in and clock out for their workdays.

54. Plaintiffs are entitled to their earned but unpaid wages for their uncompensated pay period.

## COLLECTIVE ACTION ALLEGATIONS

55. Pursuant to 29 U.S.C. §207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time from three years prior to filing this Complaint until the entry of judgment in this case (the "Collective Action Period"), as sales technicians and other comparable positions with different titles, who were non exempt employees within the meaning of the FLSA, who did not receive proper overtime compensation that contemplated the appropriate regular rate of pay (the "Collective Action Class").

56. The Collective Action Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number is dependent, are presently within the sole control of the Defendants, upon information and belief, there are hundreds of potential members of the Collective Action Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

57. Plaintiffs will fairly and adequately protect the interests of the Collective Action Class and have retained counsel that is experienced and competent in the fields of wage

and hour law and class action litigation. Plaintiffs have no interest that is contrary to or in conflict with those members of this collective action.

58. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual members of the Collective Action Class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

59. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of law and fact common to Plaintiffs and other members of the Collective Action Class are:

   A. Whether the Defendants employed members of the Collective Action Class within the meaning of the FLSA;

   B. Whether the Defendants included commissions when determining the regular rate of pay;

   C. Whether Defendants failed to pay members of the Collective Action Class the proper overtime rate for all of the hours worked by them in excess of 40 hours per workweek in violation of the FLSA and the regulations promulgated there under;

D. Whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

E. Whether the Defendants are liable for all damages claimed thereunder, including, but not limited to, unpaid wages, liquidated damages, interest, costs and disbursements, and attorneys' fees.

60. Plaintiffs know no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS REPRESENTATION ALLEGATIONS

61. Plaintiffs, Chantel Reid and Marius St. Gerard, sue on their own behalf and on behalf of a class under Florida Rule of Civil Procedure 1.220(b)(1)(A) and (b)(2).

62. Plaintiffs bring their Florida Law claim on behalf of all persons who were employed by Defendants at anytime within the last 1 year prior to filing this complaint, in the State of Florida, until the entry of judgment in this case (the "Class Period"), who have not been paid for all hours worked by them (the "Florida Class")

63. Although the precise number of such persons is unknown, the facts on which the calculation of that number is based are presently within the sole control of the Defendants.

64. The claims of Plaintiffs are typical of the claims of the Class and a class action is superior to other available methods for fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resource to vigorously prosecute a lawsuit in federal court against a defendant.

65. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

66. Plaintiffs are committed to pursuing this action and have retained competent counsel experience in wage and hour law and class action litigation.

67. Plaintiffs have the same interests in this matter as all other members of this Class and Plaintiffs' claims are typical of the Class.

68. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   A. Whether the Defendants employed the members of the Class within the meaning of Florida Law.

   B. Whether Defendants failed and/or refused to pay the members of the class for all of their hours worked including commissions.

   C. Whether Defendants are liable for all damages claimed hereunder, including, but not limited to, unpaid wages, interest, costs and disbursements, and attorney's fees; and

   D. Whether Defendants should be enjoined from such violations of Florida Law in the future.

## COUNT I
### Unpaid Overtime Wages in Violation of the Fair Labor Standards Act
### 29 U.S.C. § 207
*As to All Defendants*

69. Plaintiffs, on behalf of all those similarly situated, re-allege and fully incorporate Paragraphs 1-60 as if fully stated here.

70. At all relevant times, Defendants were "employers" under the Fair Labor Standards Act.

71. At all relevant times, Defendants employed Plaintiffs and the Collective Action Class under the Fair Labor Standards Act.

72. As hourly employees paid overtime, members of the Collective Action Class are non-exempt under the Fair Labor Standards Act.

73. Plaintiffs and members of the Collective Action Class are consistently required by Defendants to work more than forty hours per week.

74. Defendants do not pay members of the Collective Action Class at the proper overtime rate of 1.5x the regular rate of pay.

75. Accordingly, Plaintiffs and members of the Collective Action Class have not received the proper compensation owed under the Fair Labor Standards Act.

76. Defendants' failure to pay Plaintiff at an overtime rate of 1.5x the regular rate of pay is a violation of 29 U.S.C. §§ 207 and 216(b).

77. Defendants willfully violate the Fair Labor Standards Act within the meaning of 29 U.S.C. § 255(a) by knowingly failing to pay Plaintiffs and members of the Collective Action class the proper amount of overtime compensation.

78. As a direct and proximate result of Defendants' repeated violations of the Fair Labor Standards Act, Plaintiffs and members of the Collective Action Class have suffered, and will continue to suffer, damages.

WHEREFORE, Plaintiffs and members of the Collective Action Class seek unpaid overtime compensation, an equivalent amount in liquidated damages, interest, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT II

### Unpaid Wages in Violation of Florida Statute 448.07

*As to All Defendants*

79. Plaintiffs and members of the Florida Class re-allege and fully incorporate Paragraphs 1-54 and 61-68 as if fully stated here.

80. At all relevant times, Defendants were employers of Plaintiffs and members of the Florida Class.

81. At all relevant times, Plaintiffs and members of the Florida Class were employees of Defendants.

82. Under Florida Statute 448.07, it is unlawful for an employer to pay an employee less than what they were supposed to be paid.

83. Defendants failed to pay Plaintiffs and members of the Florida Class for all hours worked. This has left wages unpaid to Plaintiffs and members of the Florida Class.

84. As a direct and proximate result of Defendants' failure to pay compensation owed, Plaintiffs and members of the Florida Class have suffered, and will continue to suffer, damages.

WHEREFORE, Plaintiffs and members of the Florida Class seek their unpaid wages, interest, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, members of the Collective Action Class, and members of the Florida Class prays for the following relief:

1. An order of Judgment in their favor on all applicable counts against Defendants;

2. An order of Judgment that Defendants violated the Fair Labor Standards Act by failing to compensate members of the Collective Action Class at a rate of at least time and one-half their regular rate of pay for each overtime hour worked;

3. An order of Judgment that Defendants willfully violated the Fair Labor Standards Act, 29 U.S.C. § 207, and that Plaintiffs and members of the Collective Class are therefore entitled to liquidated damages;

4. An order of Judgment that Defendants violated Florida Statute 448.07 by failing to compensate Plaintiffs and members of the Florida Class for all of their hours worked;

5. An order of Judgment for owed overtime compensation, an equal amount as liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest, under 29 U.S.C. § 216 for Plaintiffs and members of the Collective Class;

6. An order of Judgment for owed but unpaid wages and reasonable attorney's fees and costs under Florida Statute 448.07 for Plaintiffs and members of the Florida Class; and

7. Any other legal and equitable relief that this Court deems just and appropriate.

## JURY DEMAND

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Respectfully submitted this 24th day of November, 2014, by:

*s/ Mitchell Feldman*

Mitchell Feldman, Esq.
Dale J. Morgado, Esq.
R. Edward Rosenberg, Esq.
Feldman Morgado, PA
501 North Reo Street
Tampa, Fl 33609
Telephone:  813 639 9366
Fax:  813 639 9376
E: mfeldman@ffmlawgroup.com
E: dmorgado@ffmlawgroup.com
E: erosenberg@ffmlawgroup.com
*Attorneys for Plaintiff*